SWC.7285

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **KRISTI L. WHITE, individually and on behalf of theEstate of RONALD RAY BEESLEY and as Next Friend of RONALD RAY BEESLEY, II, and ALICE DIANE MILLER, individually and on behalf of the Estate of RONALD RAY BEESLEY** | § § § § § § § | |
| **Plaintiffs,** | § § | **CIVIL ACTION NO. 3:16-cv-448** |
| **v.** | § § | |
| **SOUTHWESTERN CORRECTIONAL, LLC, d/b/a LASALLE SOUTHWEST CORRECTIONS; LASALLE MANAGEMENT COMPANY, LLC, JOHNSON COUNTY, TEXAS; BOB ALFORD; EDDIE WILLIAMS, DAVID BLANKENSHIP, JOHN DOE 1-5, and JANE DOE 1-5,** | § § § § § § § | |
| **Defendants.** | § § | |

---

## DEFENDANTS' SECOND AMENDED ORIGINAL ANSWER

---

**TO THE HONORABLE JUDGE OF THE UNITED STATES DISTRICT COURT:**

COMES NOW, Southwest Correctional, LLC d/b/a LaSalle Southwest Corrections, LaSalle Management Company, LLC, Johnson County, Texas, Bob Alford, Eddie Williams, and David Blankenship, Defendants named in the above entitled and numbered cause, and files this their Second Amended Original Answer to Plaintiffs' Original Complaint, and would respectfully show unto the Court the following:

### I.

#### Admissions and Denials

1.      Defendants admit that Ronald Ray Beesley ("Beesley") was incarcerated at the Johnson County Law Enforcement Center on May 25, 2015 and at the time he was 46 years old.

Defendants admit Beesley was incarcerated for probation violation, among other things, arising from an automobile accident on May 12, 2015, in which he had been charged with driving while intoxicated.  Defendants do not have sufficient knowledge to admit or deny that Beesley was a family man or business owner or if he was complaining of chest pain arising from the automobile accident when he was incarcerated.  Defendants admit that on June 2, 2015, Beesley was pronounced dead.

2.      Defendants are without knowledge or information sufficient to form a basis as to the truth of the allegations as to Beesley's complaints of chest pain while in the Enforcement Center.  Defendants deny it was the custom and established practice for the Enforcement Center to ignore and not tend to Beesley.  Defendants are without knowledge or information sufficient to form a basis as to the truth of the allegations that his condition deteriorated rapidly.  Defendants are without knowledge or information sufficient to form a basis as to the truth of the allegations that Beesley began to exhibit numerous extremely troubling symptoms.  Defendants are without knowledge or information sufficient to form a basis as to the truth of the allegations that visitors to the jail and other inmates observed Beesley's condition and reported this to the jail officials. Defendants deny that nothing was done.  Defendants admit Beesley was sent to the hospital for testing on the morning of June 2, 2015.

3.      Defendants are without knowledge or information sufficient to form a basis as to the truth of the allegations that if medical attention would have been provided sooner that Beesley's life would have been spared.  Defendants are without knowledge or information sufficient to form a basis as to the truth of the allegations that tests would have revealed and saved Beesley's life. Defendants deny that their actions were cruel, callous, consciously indifferent, and were designed to result in needless pain and suffering.  Defendants deny that any other person has been the victim

of the mismanagement of prison facilities by LaSalle Management as overseen by the Johnson County Sheriff's Office.

4.      Defendants deny that Plaintiffs are entitled to redress from the death of Beesley. Defendants deny any violations of his constitutional rights, transgressing all bounds of human decency, from Defendants' failure to meet his basic medical care needs, and their deliberate indifference to his life, health, comfort, and safety.

<u>**PARTIES**</u>

5.      Defendants are without knowledge or information sufficient to form a basis as to the truth of the allegations as to the relationships of the Plaintiffs as alleged in Paragraph 5 of Plaintiffs' Original Complaint.  Defendants deny any violations of §§71.004 and 71.021 of the Texas Civil Practice and Remedies Code, and 42 U.S.C. §1983.

6.      Defendants are without knowledge or information sufficient to form a basis as to the truth of the allegations as to the relationships of the Plaintiffs as alleged in Paragraph 6 of Plaintiffs' Original Complaint and therefore deny same.  Defendants deny any violations of §§71.004 and 71.021 of the Texas Civil Practice and Remedies Code, and 42 U.S.C. §1983.

7.      Defendants admit that Southwestern Correctional, LLC d/b/a LaSalle Southwest Corrections, is a Texas for-profit limited liability company.  Defendants deny that LaSalle Management Company, LLC operates the Enforcement Center under a contract with Johnson County.  Defendants admit that LaSalle Southwest Corrections operates the Enforcement Center under a contract with Johnson County.

8.      Defendants deny that LaSalle Management Company, LLC, is a Louisiana Limited Liability Company doing business in this District for the purposes of profit.

9.      Defendants deny that Johnson County, Texas is a proper party to this lawsuit or that it may be sued pursuant to the Texas Torts Claim Act.  Defendants otherwise admit the allegations in Paragraph 9.

10.     Defendants deny that Sheriff Bob Alford is a proper party to this lawsuit or that he may be sued in his individual capacity as the Sheriff of Johnson County.  Defendants otherwise admit the allegations in Paragraph 10.

11.     Defendants deny that Defendant Eddie Williams is a proper party to this lawsuit or that he may be sued in his individual capacity as the senior warden at the Johnson County Jail. Defendants otherwise admit the allegations in Paragraph 11.

12.     Defendants deny that Defendant David Blankenship is a proper party to this lawsuit or that he may be sued in his individual capacity as the Deputy who is charged with being the liaison between the Sherriff's office and LaSalle.  Defendants otherwise admit the allegations in Paragraph 12.

13.     Defendants deny that John Does 1- 5 and Jane Does 1 – 5 are proper parties to this lawsuit as placeholder defendants as their identities are unknown.  Defendants deny any illegal activities related to this matter as alleged by Plaintiffs in Plaintiffs' Original Complaint.

### JURISDICTION AND VENUE

14.     Defendants admit jurisdiction is proper under 28 U.S.C. § 1331 (federal question), § 1342 (civil rights).  Defendants deny any State law claims that would give this Court supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a).  Defendant denies that jurisdiction is proper for the pendant state law claims.

15.     Defendants admit.

16.     Defendants deny that Johnson County, Texas is a proper party to this lawsuit or that it may be sued pursuant to the Texas Torts Claim Act; thus, Defendants deny this court has personal

jurisdiction over same.  Defendants deny that Sheriff Bob Alford is a proper party to this lawsuit or that he may be sued in his individual capacity as the Sherriff of Johnson County; thus, Defendants deny this court has personal jurisdiction over same.  Defendants deny that Defendant Eddie Williams is a proper party to this lawsuit or that he may be sued in his individual capacity as the senior warden at the Johnson County Jail; thus, Defendants deny this court has personal jurisdiction over same.  Defendants deny that Defendant David Blankenship is a proper party to this lawsuit or that he may be sued in his individual capacity as the Deputy who is charged with being the liaison between the Sherriff's office and LaSalle; thus, Defendants deny this court has personal jurisdiction over same. Defendants admit the Court has personal jurisdiction over LaSalle Corrections and LaSalle Management.  Defendants are without knowledge or information sufficient to form a basis as to the truth of the allegations as to the Court's personal jurisdiction over the placeholder Doe Defendants as contained in Paragraph 16 of Plaintiffs' Original Complaint and therefore deny same.

17.     Defendants lack knowledge or information sufficient to form a belief about the truth of Plaintiffs' allegations in Paragraph 17.

## BACKGROUND FACTS

### a. *Johnson County Law Enforcement Center*

18.     Defendants admit Plaintiffs' allegations in Paragraph 18 insofar as the date of termination of the contract between Johnson County Law Enforcement Center and Community Education Centers, Inc., but deny the basis as alleged.  Defendants admit that in May 2010, Johnson County selected LaSalle to oversee all operations of the Enforcement Center and entered into a contract with same.  Defendants deny the remainder of the allegations in Paragraph 18 of Plaintiffs' Original Complaint.

19.     Defendants admit there is a management contract between LaSalle Southwest Corrections and Johnson County.  Defendants deny that the contract is subject to the ongoing support and ratification of the Johnson County Commissioners Court.   Defendants are without knowledge or information sufficient to form a basis as to the truth of the allegations that the contract is comprehensive, supported by Johnson County public funds, and includes negotiated rates and reimbursement for all inmate services and that pursuant to the contract, LaSalle receives a low, set-rate reimbursement for all medical care provided to the inmates.  Defendants deny that in practice LaSalle saves money, and earns more profit, by not utilizing, or under-utilizing, professional medical care providers or that this policy has been knowingly approved and ratified by Johnson County.

20.     Defendants admit Johnson County delegated control of the Enforcement Center, along with its responsibility for inmate care, specifically including but not limited to medical care, to LaSalle.  Defendants deny the remainder of the allegations in Paragraph 20 of Plaintiffs' Original Complaint.

21.     Defendants deny the allegations contained in Paragraph 21 as to Sheriff Alford being in charge of the jail.  Defendants admit the Warden Williams oversees the daily operations and that Blankenship maintains liaison on behalf of the Sheriff's Department with LaSalle in connection with operation of the jail.  Defendant denies they have acknowledged the responsibility as alleged in Paragraph 21 of Plaintiff's Original Complaint and deny that there are deplorable and unhealthy conditions prevalent at Johnson County Enforcement Center.

### b. *Ronald Ray Beesley*

22.     Defendants are without knowledge or information sufficient to form a basis as to the truth of the allegations as allegations in Paragraph 22 of Plaintiffs' Original Complaint.

23.     Defendants admit on May 21, 2015 Beesley was arrested for a driving while intoxicated charge arising from a traffic accident.  Defendants admit Beesley turned himself in and began his incarceration at the Enforcement Center on May 25, 2015.  Defendants are without knowledge or information sufficient to form a basis as to the truth of the remainder of the allegations in Paragraph 23 of Plaintiffs' Original Complaint.

24.     Defendants deny the allegations contained in Paragraph 24.

25.     Defendants lack knowledge or information sufficient to form a belief about the truth of Plaintiffs' allegations in Paragraph 25.

26.     Defendants deny anyone was ignored.  Defendants lack knowledge or information sufficient to form a belief about the truth of the remainder of Plaintiffs' allegations in Paragraph 26.

27.     Admit.

28.     Defendants admit Beesley complained of certain issues on June 2, 2015 and was transported to the hospital.  Defendants lack knowledge or information sufficient to form a belief about the truth of Plaintiffs' allegations as to the treatment at Harris Methodist Hospital in Paragraph 28.  Defendants admit Beesley was returned to the infirmary in the Enforcement Center.  Defendants deny that the staff at the Enforcement Center denied Beesley's family's complaints and laughed at them.

29.     Defendants admit Beesley complained of certain issues on June 2, 2015 Defendants admit the allegations in Paragraph 29.  Defendants admit Beesley was given medical services.  Defendants deny Beesley was not transported to the hospital.

30.     Defendants deny Beesley was found without a pulse, cold to the touch, and with no respirations.  Defendants admit that Beesley 911 was called and he was later pronounced dead on June 2, 2015.

<u>**DEFENDANTS' SECOND AMENDED ORIGINAL ANSWER**</u>                                          **Page 7**

c. *Authority, Policies, and Customers at the Enforcement Center*

31.    Defendants deny the allegations in Paragraph 31.

32.    Defendants deny the allegations in Paragraph 32.

33.    Defendants deny the allegations in Paragraph 33.

34.    Defendants deny the allegations in Paragraph 34.

35.    Defendants deny the allegations in Paragraph 35

36.    Defendants deny the allegations in Paragraph 36.

37.    Defendants deny the allegations in Paragraph 37.

38.    Defendants lack knowledge or information sufficient to form a belief about the truth of Plaintiffs' allegations in Paragraph 38 as to citation by the Texas Commission on Jail Standards. Defendants deny the remainder of Plaintiffs' allegations in Paragraph 38.

39.    Defendants deny the allegations in Paragraph 39.

40.    Defendants deny the allegations in Paragraph 40 as to any policy or practice or an overall pattern and practice and course of conduct involving the care and well being of persons under the care and custody of Defendant LaSalle, with drastic consequences. Defendants admit that Michael G. Hill, Kyle Franklin Gavard, and Butch Baltrip Silas died during a time they had been in custody by the Johnson County Facility. Defendant denies that all individuals died of pneumonia. Defendants lack knowledge or information sufficient to form a belief about the truth of the remainder of Plaintiffs' allegations in Paragraph 40.

41.    Defendants deny the allegations in Paragraph 41.

42.    Defendants admit that Johnson County, through its Commissioners Court, has the duty to provide "safe and suitable jails for the county" per Texas Local Government Code §351.001. Defendants admit that Johnson County has delegated all of its duties to LaSalle through the management contract for the Enforcement Center. Defendants admit that part of this delegation

of responsibilities to LaSalle includes the responsibility for reasonable care and custody of all inmates at the Enforcement Center. Defendants deny Johnson County has explicitly and/or implicitly adopted all policies, customs, and practices of LaSalle at the Enforcement Center and that all such policies are therefore the policies of Johnson County. Defendant denies any policy of Defendants results in objectively cruel and unconstitutional conditions at the Enforcement Center or that Johnson County has deliberately chosen LaSalle to run its Enforcement Center and has entered into agreement with LaSalle that results in these illegal actions.

43. Defendants deny the allegations in Paragraph 43.

44. Defendants deny the allegations in Paragraph 44.

45. Defendants deny the allegations in Paragraph 45.

46. Defendants deny the allegations in Paragraph 46.

d. *Texas Tort Claims and Notices*

47. Defendants deny the allegations in Paragraph 47 as to violations of the Texas Tort Claims Act. Defendants lack knowledge or information sufficient to form a belief about the truth of Plaintiffs' allegations in Paragraph 47 of Plaintiffs' Original Complaint.

48. Defendants deny the allegations in Paragraph 48.

## CAUSES OF ACTION

### I.

### 8TH AND 14TH AMENDMENT CONDITIONS OF CONFINEMENT AND RIGHT TO REASONABLE MEDICAL CARE

49. Defendants lack knowledge or information sufficient to form a belief about the truth of Plaintiffs' allegations in Paragraph 49 of Plaintiffs' Complaint.

50. Defendants deny the allegations in Paragraph 50.

51. Defendants deny the allegations in Paragraph 51.

52.     Defendants deny the allegations in Paragraph 52.

53.     Defendants deny the allegations in Paragraph 53.

54.     Defendants deny the allegations in Paragraph 54.

55.     Defendants deny the allegations in Paragraph 55.

56.     Defendants deny the allegations in Paragraph 56.

57.     Defendants deny the allegations in Paragraph 57.

58.     Defendants admit they were acting under the color of state law at all times relevant to this case.  Defendants deny the allegations in Paragraph 58 of Plaintiffs' Complaint.

59.     Defendants deny that Plaintiffs are entitled to a judgment or any form of redress, compensation, or punishment against Defendants, jointly and severally, for such constitutional violations, including award of actual, consequential, and indirect damages, including loss of business, plus damages for mental anguish and emotional distress, punitive damages, and attorneys' fees and expenses, to the maximum extent allowed by law.

## II.

## WRONGFUL DEATH

60.     Defendants lack knowledge or information sufficient to form a belief about the truth of Plaintiffs' allegations in Paragraph 60 of Plaintiffs' Complaint.

61.     Defendants lack knowledge or information sufficient to form a belief about the truth of Plaintiffs' allegations in Paragraph 61 of Plaintiffs' Complaint.

62.     Defendants deny that Plaintiffs are entitled to a judgment or any form of redress, compensation, or punishment against Defendants, jointly and severally, for such constitutional violations, including award of actual, consequential, special, and indirect damages, including loss of business, plus damages for mental anguish and emotional distress, and punitive damages.

## III.

## NEGLIGENCE

63.     Defendants lack knowledge or information sufficient to form a belief about the truth of Plaintiffs' allegations in Paragraph 63 of Plaintiffs' Complaint.

64.     Defendants admit Plaintiffs have brought a cause of action for negligence brought against LaSalle Enforcement Center, LaSalle Management, and the Doe Defendants.

65.     Defendants deny the allegations in Paragraph 65 of Plaintiffs' Complaint.

66.     Defendants deny that Plaintiffs are entitled to a judgment or any form of redress, compensation, or punishment against LaSalle Enforcement, LaSalle Management, and The Doe Defendants for such constitutional violations, including award of actual, consequential, special, and indirect damages, plus damages for mental anguish and emotional distress.

## IV.

## GROSS NEGLIGENCE

67.     Defendants lack knowledge or information sufficient to form a belief about the truth of Plaintiffs' allegations in Paragraph 67 of Plaintiffs' Complaint.

68.     Defendants admit Plaintiffs have brought a cause of action for gross negligence brought against LaSalle Enforcement, LaSalle Management, and the Doe Defendants.

69.     Defendants deny the allegations in Paragraph 69.

70.     Defendants deny the allegations in Paragraph 70.

71.     Defendants deny that Plaintiffs are entitled to a judgment or any form of redress, compensation, or punishment against LaSalle Enforcement, LaSalle Management, and the Doe Defendants for such constitutional violations, including award of actual, consequential, and indirect damages, plus damages for mental anguish and emotional distress, and punitive damages. Defendants deny the remainder of Paragraph 71 in Plaintiffs' Original Complaint.

## V.

## TEXAS TORT CLAIMS ACT

## WRONGFUL ACT, OMISSION, and NEGLIGENCE

72.     Defendants lack knowledge or information sufficient to form a belief about the truth of Plaintiffs' allegations in Paragraph 72 of Plaintiffs' Complaint.

73.     Defendants admit Plaintiffs have brought a cause of action under the Texas Tort Claims Act against Johnson County pursuant to the Tex. Civ. Prac. & Rem. Code § 101.001, *et. seq.*

74.     Defendants deny the allegations in Paragraph 74.

75.     Defendants deny the allegations in Paragraph 75.

76.     Defendants admit that the establishment and maintenance of jails, along with police protection and control, are governmental functions belonging to Johnson County.  Tex. Civ. Prac. & Rem. Code § 101.215(a).  Defendants deny that there was any poor or unsafe condition of the real and personal property at the Enforcement Center, or that there were any wrongful acts, omissions, or negligence of Johnson County, or misuse of the personal property at the facility or that it proximately caused or contributed to the death of Mr. Beesley.  Defendants lack knowledge or information sufficient to form a belief about the truth of Plaintiffs' allegations in Paragraph 76 of Plaintiffs' Original Complaint as to notice.

77.     Defendants deny that Plaintiffs are entitled to a judgment or any form of redress, compensation, or punishment against Johnson County for such constitutional violations, including award of actual, consequential, and indirect damages, plus damages for mental anguish and emotional distress, subject to any limitations imposed by law.  Defendants deny the remainder of Paragraph 71 in Plaintiffs' Original Complaint.

## DAMAGES

78.     Defendants lack knowledge or information sufficient to form a belief about the truth of Plaintiffs' allegations in Paragraph 78 of Plaintiffs' Complaint.

79.     Defendants deny the allegations in Paragraph 79.

80.     Defendants deny the allegations in Paragraph 80.

## ATTORNEYS' FEES

81.     Defendants deny the allegations in Paragraph 81.

## JURY DEMAND

Defendants admit Plaintiffs demand a jury trial on all issues that may be tried or submitted to a jury.

## II.

### AFFIRMATIVE DEFENSES

82.     Further responding to Plaintiffs' Complaint, Defendants assert the following defenses:

### Conditions Precedent

83.     Defendants deny that Plaintiffs have satisfied all conditions precedent to bringing these claims and this suit.

### Proportionate Responsibility / Contributory Negligence / Intervening Cause / Sole Proximate Cause / Responsible Third Parties

84.     Plaintiffs are not entitled to recover damages to the extent any of those damages were caused in whole or in part by the actions and/or omissions of Plaintiffs.

85.     Plaintiffs are not entitled to recover damages from Defendants to the extent any of those damages were caused in whole or in part by the actions and/or omissions of Harris Methodist

Hospital, its medical providers, and any other person or entity involved with the diagnosis and/or treatment of Beesley.

86.     Plaintiffs are not entitled to recover damages from Defendants to the extent any of those damages were caused in whole or in part by the intervening actions and/or omissions of Harris Methodist Hospital, its medical providers, and any other person or entity involved with the diagnosis and/or treatment of Beesley.

87.     Plaintiffs are not entitled to recover damages from Defendants to the extent any of those damages were caused in whole or in part by the actions and/or omissions of Harris Methodist Hospital, its medical providers, and any other person or entity involved with the diagnosis and/or treatment of Beesley which are the sole proximate cause of any alleged damages.

88.     Defendants hereby incorporate by reference its Motion for Leave to Designate Responsible Third Parties including but not limited to the designation of Texas Health Harris Methodist Hospital Cleburne, J.L. Borokowski, MD, Dale Ray Lucas, MD, Michelle May Marshall, RN, Sarah Elizabeth Sanville, RRT, Farah Lee Fennern, RN, Anne E. Belke Janes, RN, and Suzanne Nickell Stover, RN for their acts of negligence in this matter.

89.     Defendants request that this court direct the trier of fact in this matter, after a trial on the merits, to determine the percentage of responsibility of Beesley, each Defendant named in this suit, each settling party, and each responsible third party, pursuant to Chapter 33 of the Texas Civil Practice & Remedies Code and asserts all rights under same.

**Pre-Existing Condition**

90.     Plaintiffs are not entitled to recover damages from Defendants as Beesley's physical condition in this cause was, in whole or in part, or proximately caused solely and/or proximately by prior accidents, events, or occurrences.   Specifically, Beesley previously was involved in a car accident caused by his own actions when he was driving while intoxicated and injured his sternum

and/or other parts of his person that was the true cause of his death.  Further, Beesley previously had hepatic cirrhosis, hepatitis C, chronic active hepatitis, severe hepatic steatosis, and decreased cellularity that were the cause of his death.

### Immunity / Sovereign Immunity

91.  Defendants affirmatively plead that they are entitled to qualified or absolute immunity under the Texas Torts Claim Act and/or are entitled to Sovereign Immunity.

### Legal Impossibility

92.  Defendants are not liable to, nor had any duty to take any action or avoid any omission for the benefit of, Plaintiffs insofar as the acts and/or omissions of which Plaintiffs complain could not be avoided and/or performed out of a legal impossibility.  Furthermore, in the unlikely event it is determined any civil right of Plaintiffs were violated, any such violation was not caused by nor was Defendants liable for any such violation for the same reason.

### Failure to Mitigate

93.  Some or all of the relief Plaintiffs seek is barred by Beesley's failure to mitigate his damages, if any.  Specifically, Beesley previously was involved in a car accident caused by his own actions when he was driving while intoxicated and injured his sternum and/or other parts of his person that was the true cause of his death.  Beesley failed to seek medical treatment for this issue.  Further, Beesley previously had hepatic cirrhosis, hepatitis C, chronic active hepatitis, severe hepatic steatosis, and decreased cellularity that were the cause of his death.  Beesley failed to seek medical treatment for these issues.

### Objectively Reasonable Behavior

94.  Defendants deny any allegations it acted with negligence, recklessly, with conscious indifference, with deliberate indifference, with the intent and/or with knowledge that its actions were in violation of clearly established law, duty and/or violated the clearly established

rights guaranteed Plaintiffs under the laws and Constitution of the United States and/or with any other culpable *mens rea* necessary to form the legal basis for Plaintiffs' entitlement to compensatory, liquidated, or punitive damages.  Defendants' medical care provided to Beesley amounted to objectively reasonable behavior.  Defendants asserts that its behavior was objectively reasonable in light of clearly established law, and duties, including both state and federal law, and the authority granted it under contract with Johnson County, Texas.

### TTCA & Election of Demands

95.     Johnson County, Texas; Bob Alford; Eddie Williams; and David Blankenship assert all defenses and remedies in TEX. CIV. PRAC. & REM. CODE § 101.106 (a–f).

96.     Subject matter jurisdiction is lacking due to the election of remedies statute.

97.     Johnson County, Texas; Bob Alford; Eddie Williams; and David Blankenship assert that Plaintiffs did not give timely notice under the TTCA.

### Other Defenses

98.     Plaintiffs fail to state a claim for which relief can be granted.

99.     There is no personal jurisdiction over the John Does.

100.     Plaintiffs' claims are barred by the applicable statute of limitation.

### III. ATTORNEYS' FEES

101.     Defendants are entitled, and hereby requests, an award of attorneys' fees and court costs (including costs and expert fees) incurred in the defense of this action as a prevailing party.

### IV. PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Defendants**, SOUTHWESTERN CORRECTIONAL, LLC, D/B/A LASALLE SOUTHWEST CORRECTIONS, LASALLE MANAGEMENT COPANY, LLC, JOHNSON COUNTY, TEXAS, BOB ALFORD, EDDIE WILLIAMS, DAVID**

BLANKENSHIP, pray that after all due proceedings there be judgment in its favor and against

Plaintiffs with full prejudice and that Plaintiffs should bear all the costs of suit.

Respectfully submitted,

**FEE, SMITH, SHARP AND VITULLO, LLP**

/s/ *Bryan P. Reese*
**BRYAN P. REESE**
State Bar No. 00789791
Three Galleria Tower
13155 Noel Road, Suite 1000
Dallas, Texas 75240
(972) 934-9100  Telephone
(972) 934-9200  Facsimile
breese@feesmith.com

**ATTORNEY FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

THIS WILL CERTIFY that a true and correct copy of the foregoing instrument has been mailed, telecopied, faxed and/or electronically served to all attorneys of record in this cause of action on the **25th** day of **May**, 2017.

/s/ *Bryan P. Reese*
**BRYAN P. REESE**